FILED

04/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0181

DA 24-0181

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 80N

DANNY LEE WARNER, JR.,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA and the
DEPARTMENT OF CORRECTIONS,

      Defendant and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. CDV-2020-586
                Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Danny Lee Warner, Jr., Self-Represented, Mansfield, Ohio

      For Appellee:

      Kyle P. Chenoweth, Montana Department of Corrections,
      Helena, Montana

Submitted on Briefs:  February 26, 2025

Decided:  April 22, 2025

Filed:

                       _____
                               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Danny Lee Warner (Warner), appeals the February 16, 2024 Order that granted Greg Gianforte's 12(b) Motion to Dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process issued by the First Judicial District Court, Lewis and Clark County. We affirm.

¶3 Warner is an inmate at the Montana State Prison (MSP) serving a 50-year sentence. Warner filed an initial complaint on April 21, 2020, in which he sued the Montana Department of Corrections (DOC) requesting injunctive relief on 15 distinct acts or omissions and six requests for declaratory relief stating that, among other things relating to the conditions at MSP, the DOC violated several of his constitutional rights, denied his medical and mental health needs, prohibited him from practicing his religion, and retaliated against him for speaking up. Warner also requested millions of dollars for nominal, punitive, and compensatory damages.

¶4 On November 14, 2022, Warner filed an amended complaint in which he named as defendants: "Greg Gianforte (as the State of Montana), his agents, employees, and representatives, including the Montana Department of Corrections and State Prison." Warner personally served the amended complaint and summons on Gianforte (as the State

2

of Montana) and the Attorney General by delivering such to the Attorney General's office. The summons required they respond within 21 days of service.

¶5 The DOC, Attorney General's office, and Gianforte did not respond to either of Warner's complaints. As a result, Warner filed a motion requesting the District Court to order the defendants to pay the costs of personal service, a petition for expedited declaratory judgment, and a motion for entry of default judgment. Gianforte responded on April 3, 2023, with a M. R. Civ. P. 12(b)(2), (4), and (5) motion to dismiss for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. In the motion, Gianforte argued it was not clear whether Warner was suing him in his individual or official capacity. Gianforte claimed Warner did not properly serve him as an individual because Warner did not personally serve him or his attorney. Gianforte also claimed Warner did not properly serve the State of Montana because he did not serve the Director of the Department of Administration (DOA) as required by § 2-9-313, MCA. Gianforte asserted Warner's summons was defective because it only provided 21 days for the defendant to file a reply, rather than the 42 days allowed by M. R. Civ. P. 12(a)(2).

¶6 The District Court granted Gianforte's motion to dismiss. The District Court found Warner did not effect personal service on Gianforte because he did not serve Gianforte nor his authorized agent, his attorney. Rather, Warner delivered Gianforte's service of process, via the Sheriff through personal service, to the Attorney General's office—which is not one of Gianforte's authorized agents. The court also found Warner did not effect service on the Director of the DOA as required by § 2-9-313, MCA. Finally, the court found

3

Warner's error of stating the defendant has 21 days to respond, rather than 42, was "too glaring to ignore," despite the leeway granted to Warner as a pro se party.

¶7 The issue on appeal is whether the District Court erred when it granted Gianforte's M. R. Civ. P. 12(b) motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction.

¶8 We review a district court's findings of fact and conclusions of law regarding personal jurisdiction to determine whether the findings are clearly erroneous and whether the conclusions are correct. *Dodds v. Tierney*, 2024 MT 48, ¶ 10, 415 Mont. 384, 544 P.3d 857.

¶9 On appeal, Warner asserts he did not sue Gianforte in his individual capacity but rather "as the State of Montana." Warner claims he was never required to personally serve Gianforte, "but did so out of an abundance of caution to prevent the very thing that happened." Warner also claims he sent a copy of the amended complaint and summons to the Director of the DOA on November 1, 2022, and it was never returned. Warner further claims only actions arising under Title 2, chapter 9, MCA, must be served on the Director of the DOA, and Warner instead invoked jurisdiction under § 3-5-302, MCA.

¶10 The State asserts Warner did not serve the Director of the DOA, and as such, the State of Montana was not properly named as a defendant in a suit for money damages. The State also claims Warner did not serve Gianforte or his authorized agent, and as such, the District Court did not have personal jurisdiction over him. Finally, the State asserts the summons Warner served on the Attorney General stated an inaccurate answer deadline, and as such, the service of process was statutorily insufficient.

4

¶11 When a plaintiff names the State as a defendant, M. R. Civ. P. 4(l) provides that the State must be served by:

> delivering a copy of the summons and complaint to the attorney general and any other party prescribed by statute. Whenever an officer or employee of the state is sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the state and also serve the officer or employee under Rules 4(e), 4(f), 4(g), 4(h), or 4(n).

In addition to the service required by M. R. Civ. P. 4(l), in actions against the State, the summons and complaint must be served on the director of the DOA. Section 2-9-313, MCA.

¶12 Here, Warner named Greg Gianforte (as the State of Montana) as a defendant. He alleges he sent a copy of the amended complaint and summons to the Director of the DOA on November 1, 2022. However, there is no evidence in the record of this, and according to an affidavit of the Director of the DOA's attorney, the Director was never served. Further, when Warner sent a second copy of the amended complaint and summons via the Sheriff through personal service, he only named the Attorney General and Greg Gianforte (as the State of Montana)—he did not name the Director of the DOA.

¶13 We acknowledge Warner's explanation that when he attempted to serve Gianforte, he did so expecting to name the State of Montana as a party, not Gianforte personally. Nonetheless, the District Court was correct in concluding service of process was defective because Gianforte was never personally served, rather Warner attempted service by delivering to the Attorney General's office.

5

¶14 Further, although not discussed in the District Court's Order, we note Warner's service of process was also defective because he did not serve the Director of the DOA as required by § 2-9-313, MCA, when naming the State of Montana as a party. Accordingly, we find the District Court was correct to conclude Warner's service of process was defective and to dismiss under M. R. Civ. P. 12(b)(5).

¶15 Next, we consider whether Warner's process itself was deficient. M. R. Civ. P. 4(c)(2)(a)(iv) requires a summons to state the time a defendant has to appear and defend in the proceeding. Under M. R. Civ. P. 12(a)(2), the State has 42 days after service to file a response. However, under § 2-9-313, MCA, if a plaintiff sues the State for claims arising under Title 2, chapter 9, the State has 40 days to file an answer in response to the plaintiff's complaint.

¶16 Here, in Warner's summons he only gave the defendants 21 days to respond, rather than the 40 required by statute. We find the District Court correctly concluded this deficiency was enough to dismiss for insufficient process.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

/S/ INGRID GUSTAFSON

6

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE